Argued and submitted April 23,
affirmed September 2, reconsideration denied October 7,
petition for review allowed November 20, 1980

MOODY,
*Respondent,*
*v.*
HURRICANE CREEK LUMBER COMPANY,
*Appellant,*
(No. 78-6061, CA 15162)
616 P2d 514

Stuart M. Brown, Eugene, argued the cause for appellant. With him on the brief was Young, Horn, Cass & Scott, Eugene.

Clayton C. Patrick, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

### BUTTLER, J.

In this contract action tried to the court, defendant appeals from an adverse judgment contending that plaintiff's claim was premised on his being a "business chance broker" and therefore, as a matter of law, he was required to allege and prove that he was a licensed real estate broker or salesman. ORS 696.610 to 696.640. Because plaintiff failed to do either, defendant contends that the agreement on which plaintiff's case rests is void.[1] We affirm.

Prior to the agreement involved here, defendant Hurricane Creek Lumber Company[2] owned and operated a sawmill business in Joseph, and in mid-1978 decided to sell that business. At that time plaintiff was a sawmill machinery salesman for Portland Iron Works, with which company defendant did business. In July of 1978 defendant Johnson, a director and shareholder of Hurricane Creek, had a telephone conversation with plaintiff which, initially, related to a possible sale of sawmill equipment to defendant. During that conversation, plaintiff was told that defendant was looking for a buyer of the Hurricane Creek business. In a subsequent conversation, plaintiff was offered a commission of five percent of the sales price of the business if plaintiff would locate, and refer to defendant, a purchaser to whom the business was sold. Subsequently, the agreement was reduced to writing.

Prior to referring a prospective buyer to defendant, plaintiff sought legal counsel and was made aware of the Business Chance Broker Act and

---

[1] Any contract entered into in violation of the licensing requirements of ORS 696.020(1), required of a "business chance broker" by ORS 696.620, is void. *Miller v. Ziedrich et al.,* 199 Or 505, 263 P2d 611 (1953); *Jolma v. Steinbock,* 40 Or App 657, 596 P2d 980 (1979).

[2] Hurricane Creek Lumber Company is the only appellant and will be referred to as the defendant. The other two defendants, Johnson and Gourley, were officers and stockholders of the corporation and will be referred to by name.

the Supreme Court decision in *Klarr v. Heckart,* 206 Or 178, 291 P2d 1016 (1955), construing that Act as not prohibiting a person from participating in a single transaction if that person was not engaged in the business of buying, selling or dealing in any established business or business opportunity. Shortly thereafter he referred to defendant a person who was interested in purchasing, and who ultimately did purchase, the business.

Plaintiff did not assist, or in any way participate, in the negotiations or in the sale, or know exactly what was being sold as a part of the going business. He simply referred one who was interested in purchasing a going business, a bundle of rights and assets, tangible and intangible, and obligations, the extent and nature of which plaintiff had no knowledge or concern. Both the price and the structure of the transaction, that is, whether it was a sale of corporate stock or assets, were negotiated between the defendant and the purchaser. As it turned out, the transaction was structured as a sale of assets, which were comprised of machinery, equipment, rolling stock, vehicles, spare parts, office equipment and supplies, logs, cut lumber, inventory, real property and good will.

ORS 696.610 defines "business chance broker" as:

> "* * * all persons, firms, corporations and associations that engage directly or indirectly in the business of buying, selling or dealing in any established business or business opportunity or good will or any interest therein, or who, for profit, compensation or commission engage in the business of offering to establish others in business or who declare to the public that they are engaged in the business of buying, selling or dealing in established businesses or business opportunities."

ORS 696.620 provides that no person shall engage in the business of a "business chance broker" without having a real estate broker's license or real estate salesman's license, and ORS 696.630 grants the Real

Estate Commissioner the same authority with respect to "business chance brokers" as the Commissioner has with respect to real estate brokers or salesmen.

Plaintiff relies on *Klarr v. Heckart, supra,* for the proposition that the statutory prohibition does not apply to one who is not engaged in the business of a "business chance broker" and does not hold himself out to the public as being so engaged, but only involves himself in one isolated transaction. The Supreme Court in *Klarr* held that the statutory prohibition did not apply to plaintiff in that case because the transaction was an isolated one in which the owners of a hardware store business employed plaintiff to find a purchaser, which he did.

Defendant acknowledges the similarity of the case at bar to *Klarr,* but contends that the case was wrongly decided because the Supreme Court ignored the applicability of ORS 696.040 (which, at the time *Klarr* was decided, was § 59-103, OCLA) which expressly provided that one act or transaction of professional real estate activity is sufficient to constitute engaging in professional real estate activity within the meaning of the chapter. By virtue of ORS 696.640, defendant contends that ORS 696.040 specifically applies to "business chance brokers." ORS 696.640 provides:

> "Any person who engages in the business of a business chance broker is bound by and subject to all the provisions of ORS 696.010 to 696.490 and 696.610 to 696.730, except subsection (2) of ORS 696.110."

Title 59, OCLA, by virtue of Oregon Laws 1947, chapter 290, § 4, contained a substantially identical provision, and the Supreme Court did not ignore it in *Klarr.* Rather, the court quoted and discussed all of those sections and concluded that one who performed a single transaction was not required to be licensed as a "business chance broker."

If we were writing on a clean slate, we might decide the case differently. But we are not. We agree

that the *Klarr* opinion is not as clear as it might be, but it disposes of defendant's contentions here, rightly or wrongly. If the decision is to be overruled, the Supreme Court must do it. Plaintiff, before engaging upon his undertaking under the agreement with defendants, consulted a lawyer who reasonably relied upon the Supreme Court's decision in *Klarr*. Plaintiff had a right to rely on that interpretation of the law in proceeding as he did.

Defendant also contends that because at least a part of the assets of its going business was comprised of real property, plaintiff engaged in professional "real estate activity" in procuring a prospect calculated to result in the sale, exchange, leasing or rental of real estate.[3] Defendant does not, however, assign error to the trial court's findings that plaintiff had not visited defendant's mill and did not know what its assets were. He was simply asked to find a buyer for a going business, without the mention of any real property, and that is what he did. Presumably, if the sale had been consummated by a sale of the corporate stock rather than a sale of the assets, defendant's position would be different.[4] However, it is clear that plaintiff did not participate in any way in negotiating the sale or in structuring the way in which it would be consummated.

We conclude that *Klarr v. Heckart, supra,* controls this case, that plaintiff had a right to rely on it in referring prospective purchasers to defendant, and that plaintiff was not engaged in professional real estate activity in the services he performed for defendants.

Affirmed.

---

[3] It is not contended that the Supreme Court in *Klarr v. Heckart,* 206 Or 178, 291 P2d 1016 (1955), based its decision on the fact, if it was one, that the sale of the hardware business did not involve any real property or interest therein. Our reading of that opinion indicates that the court did not make that distinction.

[4] *But see* ORS 696.620(2) which provides:

"No person shall engage in the business of a business chance broker without having:

"* * * * *

"(2) A broker-dealer or salesman's registration under ORS 59.005 to 59.445 if the person is involved in effecting a merger or an acquisition involving securities or an issuer of securities."